## BORTON v. CONNECTICUT GENERAL LIFE INS. CO.

### No. 3764.

District Court, D. Nebraska, Omaha Division.

Nov. 22, 1938.

Dressler & Neely, of Omaha, Neb., for plaintiff.

Kennedy, Holland, DeLacy & Swoboda, of Omaha, Neb., for defendant.

DONOHOE, District Judge.

This action was commenced in the state court. After the pleadings were settled, the plaintiff, with leave of court, filed his amended and supplemental petition, praying for such an additional amount as to confer jurisdiction on this court. The cause was thereafter removed on the 13th day of June, A. D., 1938. After the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, went into effect, upon leave obtained by the plaintiff, he filed his amendment to his petition, setting up his claim in the alternative and in the prayer asks for alternative relief. Thereafter, the defendant filed its motion to strike the amendment for the following reasons:

1. That it fails to state a claim upon which relief can be granted.

2. That it is immaterial.

3. That it was filed out of time.

This motion has been submitted to the court.

The cause of action set up in the original petition is for recovery of weekly payments claimed to be due for disability under an accident insurance policy. The amendment subsequently filed in this court alleges in the alternative in effect that the persistent refusal of the defendant to pay the plaintiff the benefits which he claims under the insurance contract constitutes a breach of the contract, for which the plaintiff is entitled to damages in an amount sufficient to purchase a like contract of insurance from the date of plaintiff's total disability for the remainder of plaintiff's life, and sets up a prayer in the alternative for judgment in the sum of $20,000.

Rule 81 (c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides in substance that the rules shall apply to civil actions removed to the District Court from the state courts, and govern all procedure after removal. This rule also provides that re-pleading is not necessary unless ordered. It is further provided: "In a removal action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court * * * whichever period is longer."

Rule 8 specifically states what the complaint should contain, as follows:

"(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

"(3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative, or of several different types may be demanded."

Concerning judgments, Rule 54 provides: "(c) Demand for Judgment. * * Every final judgment shall grant the relief to which the party in whose favor it is

rendered is entitled, even if the party has not demanded such relief in his pleadings."

In view of these rules, we think that the amendment filed by the plaintiff in this court was not necessary under Rule 54 (c). Under Rule 8, he may; if he so elects, ask for relief in the alternative, and in this instance he has seen fit to do so.

The motion of the defendant will be overruled, and it will be allowed ten days in which to answer.